# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| PENOVIA LLC, ) | |
| ) | |
| Plaintiff ) | |
| ) | C.A. No. 14-cv-00178-JRG |
| v. ) | |
| ) | |
| SDI TECHNOLOGIES, INC., ) | **TRIAL BY JURY DEMANDED** |
| ) | |
| Defendant. ) | |

## ANSWER OF SDI TECHNOLOGIES, INC.

Defendant SDI Technologies, Inc. ("SDI"), by and through its undersigned counsel, responds to the Complaint of Plaintiff Penovia LLC ("Penovia") as follows:

### THE PARTIES

1. SDI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, denies such allegations.

2. Admitted, except that SDI denies that it "does business as" iHome.

### JURISDICTION AND VENUE

3. This paragraph states a legal conclusion to which no response is required.

4. This paragraph states a legal conclusion to which no response is required.

5. Denied.

6. This paragraph states a legal conclusion to which no response is required.

### THE PATENT-IN-SUIT

7. SDI admits that United States Patent No. 5,822,221 (the "'221 patent"), entitled "Office Machine Monitoring Device," was issued by the U.S. Patent and Trademark Office on October 13, 1998 and that a document purporting to be a copy of the '221 patent is attached to

the Complaint as Exhibit A. SDI denies any remaining allegations of this paragraph.

8. SDI is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies such allegations.

## COUNT I

9. SDI repeats and realleges the responses contained in paragraphs 1-8 as though fully set forth herein.

10. Denied.

11. Denied.

## AFFIRMATIVE DEFENSES

### First Defense
### No Patent Infringement

SDI has not infringed any claim of the '221 patent, either literally or under the doctrine of equivalents, has not induced infringement of any claim of the patent, and has not committed acts constituting contributory infringement of any claim of the patent.

### Second Defense
### Patent Invalidity

Each and every claim of the '221 patent is invalid under one or more provisions of the Patent Laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

### Third Defense
### Patent Unenforceability

Upon information and belief, the claims of the '221 patent are unenforceable, in whole or in part, by the doctrines of laches, unclean hands, waiver, and/or estoppel, including prosecution history estoppel.

### Fourth Defense
### Limitation On Patent Damages

Penovia's claims for damages, if any, against SDI for alleged infringement of '221 patent are limited by 35 U.S.C. § 287.

### Fifth Defense
### Exceptional Case

This is an exceptional case under 35 U.S.C. § 285, and accordingly, SDI is entitled to its attorneys' fees incurred in defending this action.

### Sixth Defense
### No Injunctive Relief

Penovia is not entitled to injunctive relief as it, at a minimum, has not suffered any alleged irreparable injury and has an adequate remedy at law.

## DEMAND FOR JURY TRIAL

SDI demands a trial by jury.

## PRAYER

WHEREFORE, SDI prays for the following:

a. dismissal with prejudice of Penovia's Complaint and all claims for relief therein, and entry of an order denying Penovia any relief in this action;

b. a declaration that this action is an exceptional case and an award to SDI of its attorneys' fees and expenses pursuant to 35 U.S.C. § 285;

c. an award to SDI of its costs of suit; and

d. a grant to SDI of such other relief as the Court may deem just and proper.

Respectfully submitted

/s/ Matthew B. Lowrie
Matthew B. Lowrie
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
Phone: 617-342-4000
Fax: 617-342-4001

*Counsel for SDI Technologies, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served on May 22, 2014 upon counsel of record by filing the document electronically with the Court's ECF system.

By:  /s/ Matthew B. Lowrie